# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-949V
Filed: July 3, 2018
UNPUBLISHED

| | |
|---|---|
| KIMBERLY HOLWAY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Petitioner's Motion for a Decision; Dismissing Her Petition; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA); Insufficient Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing |

*Shealene Priscilla Wasserman*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

**Dorsey**, Chief Special Master:

On July 14, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her October 23, 2015 influenza ("flu") vaccination. Petition at 1-2. The information in the record does not show entitlement to an award under the Program.

On July 3, 2018, petitioner moved for a decision dismissing the petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation. (ECF No. 17). Petitioner indicated in her motion that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner further indicated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. Petitioner has been advised that such a judgment will end all of her rights in the vaccine program." *Id.*

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Petitioner is further required to demonstrate that she either suffered the sequela of her injury for more than six months, or that her injury required inpatient hospitalization and surgical intervention, or that petitioner died as a result of the vaccine administration. *See* §11(c)(1)(D). Examination of the record does not disclose preponderant evidence that petitioner has satisfied these requirements.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with § 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.